**Thomas F. SCHUPP, Appellant,**

v.

**Beverly J. CONQUEST, Appellee.**

Court of Appeals of Kentucky.

April 26, 1968.

Kent McElwain, McElwain, Dinning, Clarke & Winstead, Louisville, for appellant.

Jerome Snow, Louisville, Harry L. Hargadon, Sr., John L. Harbolt, Hargadon, Hargadon, Lenihan & Harbolt, Louisville, for appellee.

JAMES R. FORD, Special Commissioner.

Thomas F. Schupp appeals from a judgment based on a nine-juror verdict, awarding the appellee the sum of $5,000.00, arising from a trial of an automobile accident.

The accident occurred December 14, 1965 at approximately 9:00 p. m. It was dry, clear and dark, but the area where the accident occurred, namely, Bardstown Road just south of its intersection with Watterson Expressway in Louisville, was well lighted. Bardstown Road at that point is

two-lane south and two-lane north with a median strip between. Watterson Expressway exit ramp joins Bardstown Road going south and widens Bardstown Road from two to three southbound lanes. This third lane is an extension of the exit ramp and continues for some two to three miles. Both appellant and appellee were the drivers of their respective vehicles, no passengers in either vehicle.

According to appellee, she came south on Bardstown Road and because of the back up of traffic from a traffic light at a cross street she stopped at a point near where the exit ramp from Watterson Expressway joins Bardstown Road. At this time, she states that she looked up to the top of the ramp coming from Watterson Expressway and saw appellant's vehicle approaching 500 to 600 feet away. From her stopped position she then angled to her right, across this third, or curb, lane to the entrance of the Ranch–House Restaurant, a distance of 70 to 80 feet, and did not see appellant's vehicle anymore until the impact occurred. She states that she had illuminated her right turn signal 100 to 200 feet back from the Ranch–House driveway. After she passed the point where the Expressway ramp joins Bardstown Road, there was an open lane to her right, which was the continuation of the ramp where appellant was driving. She states that the right front of her car was entering the Ranch–House driveway when the impact occurred.

On the other hand, appellant testified that he was coming down the ramp onto the Bardstown Road at approximately 30 to 35 m. p. h. He saw the appellee's vehicle below on Bardstown Road and to his left as he came down the ramp. At this time they were about even, but as he came to the point where the ramp and Bardstown Road came together, he was slightly behind her, one to one and one-half car lengths, and in the lane to her right. When she reached a point approximately five feet from the Ranch–House entrance, she made a sudden right angle turn from her center lane across appellant's lane intending to go into the Ranch–House entrance. She gave no signal of her intention to turn right or of her intention to change into or cross appellant's lane of travel. The accident occurred when the front of appellee's car had just entered the right-hand lane. The damage was to the left front end of appellant's vehicle and to the right front end of appellee's vehicle. He stated he was going 30 to 35 m. p. h. Appellee testified that appellant was going 40 to 45 m. p. h. Lieutenant Schweitzer, a police officer, testified that the 45 feet of skid marks left by appellant's vehicle indicated that appellant would have been traveling from 28 to 33 m. p. h. Appellant testified he had been over this area several times before and he knew of the "yield right-of-way" sign located on the ramp at a point approximately 25 feet north of the end of the ramp. At the conclusion of all the evidence, the trial judge directed a verdict for plaintiff-appellee, Beverly Conquest, against defendant-appellant, Thomas Schupp. The jury returned a verdict in the sum of $5,000.00. Judgment was entered pursuant to said verdict, a motion for a new trial was overruled; this appeal followed.

■ Appellant raises four grounds for reversal. The latter two, namely, "Did the court err in submitting the question of property damage to the jury?" and "Was the award excessive?" we will not rule on, as we believe that the case should be reversed on grounds No. 1 and No. 2, which we will consider as one, namely, did the court err in holding as a matter of law that appellee was not contributorily negligent, and did the court err in holding as a matter of law that the appellant, Thomas Schupp, had violated a duty owed to the appellee, and that such violation of duty was the sole proximate cause of the accident. We believe the court erred in not allowing the jury to pass on the negligence, if any there was, on the part of appellee. We believe that, even though the appellant was obligated to yield to the main traffic on Bardstown Road, appellee owed certain duties to the other traveling public which included

appellant. The appellant was under an obligation to yield the right-of-way to the traffic moving south on Bardstown Road. However, the proof is uncontradicted that the accident occurred in the right hand lane which was a continuation of the exit ramp. We do not believe that appellee had the right to leave her lane, which was the center lane, cross over the right hand lane to the Ranch–House entrance without any concern to the traffic which might be in the right hand lane. We believe that appellee owed a certain duty to keep a lookout and that it was a question for the jury as to whether or not her negligence, if any there was, contributed to the accident. About the only undisputed facts in this case were that the right lane was a continuation of the exit ramp, and that the impact or accident occurred somewhere in this right hand lane while the appellee was in the process of crossing this lane from her lane, the center lane, to make a turn into the Ranch–House entrance.

The judgment is reversed with directions to grant appellant a new trial.

All concur.